**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DONN RICHARD MOORE,

    Petitioner,

vs.

I. BACA, *et al.*,

    Respondents.

3:15-cv-00101-RCJ-WGC

**ORDER**

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Donn Richard Moore, a Nevada prisoner. On November 17, 2015, respondents filed a motion to dismiss arguing that Moore's habeas claims are unexhausted, conclusory, not cognizable, barred under *Tollet v Henderson*, 411 U.S. 258 (1973), and/or supported by false allegations. ECF No. 12. These arguments are well-founded. The court shall grant respondents' motion, but also grant Moore leave to amend.[1]

Moore's habeas petition contains numerous legal claims – some supported by factual allegations, some not. More problematic is that Moore has pleaded all of his claims under only two

---

[1] Also pending before the court is petitioner's motion styled as a "motion for summary judgment," which, in substance, is actually a motion for default judgment premised on respondents' alleged failure to timely respond to his habeas petition. ECF No. 10. This motion is without merit and shall be denied. *See Gordan v. Duran*, 895 F.2d 610, 612 (9th Cir.1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment.").

"grounds" of the court's form petition – Ground 1 and Ground 2.  With their motion to dismiss, respondents have attempted to tease out and organize Moore's grounds for relief.  In doing so, they make a convincing argument the all of Moore's "claims" are subject to dismissal for one or more of the reasons noted above.

Even so, it appears that, but for poor drafting and lack of organization, Moore may have tenable claims for relief.  Moreover, the Ninth Circuit Court of Appeals recently held that fully unexhausted petitions are candidates for stay and abeyance.  *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines v. Weber*, 544 U.S. 269 (2005)). Thus, the petition shall be dismissed, but petitioner shall have an opportunity file an amended petition in a more manageable form.  *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) ("[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.").

Petitioner is advised to closely follow the instructions provided with the court's form petition for writ of habeas corpus, as well as the instructions on the form itself.  In particular, petitioner should note that every claim in which he contends there was a violation of his constitutional rights is a separate ground for relief and must be pleaded under a separately-numbered ground in the form petition.  In other words, each contention petitioner believes to be sufficient for the court to grant relief is a claim and must be separately presented, not mixed into the discussion of another claim.  In addition, each ground must include all the relevant facts that support it.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 12) is GRANTED.  The petitioner's habeas petition (ECF No. 6) is DISMISSED with leave to amend.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the date of the entry of this order on the record within which to file with the court an amended petition which corrects the deficiencies identified in this order.  In addition to correcting the problems the court has

identified, petitioner shall include in that amended petition any and all additional claims for habeas corpus relief of which petitioner is aware.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order in the time and manner provided above, the court shall conclude that petitioner does not desire to pursue this matter, and shall enter an order dismissing this case, without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall send petitioner a noncapital Section 2254 habeas petition form, one copy of the instructions for the form, and a copy of his dismissed habeas petition (i.e., ECF No. 6).

**IT IS FURTHER ORDERED** that respondents' motions for extension of time (ECF Nos. 8 and 9) are GRANTED *nunc pro tunc* as of their respective filing dates.

**IT IS FURTHER ORDERED** that petitioner's "motion for summary judgment" (ECF No. 10) is DENIED.

Dated this 16th day of September, 2016.

_____
UNITED STATES DISTRICT JUDGE