1

2

3

4

5

6                        **UNITED STATES DISTRICT COURT**

7                              **DISTRICT OF NEVADA**

8

9

10    DONN RICHARD MOORE,                    )
                                             )
11              Petitioner,                  )        3:15-cv-00101-RCJ-WGC
                                             )
      vs.                                    )        **ORDER**
12                                           )
      I. BACA, *et al.*,                     )
13                                           )
                Respondents.                 )
14    _____/

15          This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Donn Richard Moore,

16    a Nevada prisoner.  On September 16, 2016, this court entered an order granting respondents' motion

17    to dismiss, but also granting petitioner leave to amend his petition.  ECF No. 18.  On October 18,

18    2016, petitioner filed an amended petition (ECF No. 19) and a motion for appointment of counsel

19    (ECF No. 20).

20          *Screening*

21          The court has screened the amended petition and concludes that the respondents shall be

22    directed to respond to it.  *See* Rule 4, Rules Governing § 2254 Cases in the U.S. District Courts.  In

23    this regard, the court notes that Ground 1, alleging that petitioner was deprived of effective

24    assistance of counsel in violation of the Sixth and Fourteenth Amendments, contains the following

25    sub-claims: (1) counsel was ineffective in failing to present mitigating evidence at sentencing, (2)

26    counsel was ineffective in failing to object to the trial court's reliance on suspect evidence (as

1   demonstrated by the trial judge's comment that petitioner could be released after serving as little as

2   seven and a half years), and (3) counsel's ineffectiveness resulted in petitioner entering a guilty plea

3   that was not knowing or voluntary.

4        Ground 2 alleges the petitioner received ineffective assistance of appellate counsel and post-

5   conviction counsel by virtue of counsel's failure to present various issues.  Ground 2 contains

6   cognizable claims that petitioner is entitled relief based on appellate counsel's performance,

7   however, post-conviction counsel's performance cannot serve as a ground for relief in a proceeding

8   under § 2254.  *See* 28 U.S.C. § 2254(I).  Ground 3 alleges that counsel was ineffective in allowing an

9   amendment to the information (charging document) that violated Nevada law and petitioner's

10   constitutional rights.

11       Ground 4, like Ground 1, contains multiple sub-claims.  Specifically, petitioner alleges that

12   counsel was ineffective for (1) allowing the court to impose a sentence that deviated from the guilty

13   plea agreement and violated Nevada law and (2) allowing the use of prior convictions for sentence

14   enhancement purposes without an affirmative showing that petitioner was represented by counsel or

15   validly waived his right to counsel in the proceedings that resulted in those convictions.  To the

16   extent petitioner attempts to raise additional ineffective assistance of counsel claims in Ground 4,

17   such claims are not supported by specific factual allegations and are dismissed on that basis.[1]

18        *Motion for appointment of counsel*

19       Pursuant to 18 U.S.C. §3006A(a)(2)(B), the district court has discretion to appoint counsel

20   when it determines that the "interests of justice" require representation.  There is no constitutional

21   right to appointed counsel for a federal habeas corpus proceeding.  *Pennsylvania v. Finley*, 481 U.S.

22   551, 555(1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).  The decision to appoint

23

24        [1]  For example, petitioner alleges, without any elaboration, that counsel "acted in concert with
     the Washoe County District Attorney's Office, conceded his guilt, failed to raise pre-trial objections and
25   failed to raise key issues on appeal."  ECF No. 19, p. 13.

26

1   counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v.*

2   *Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).  However, counsel must be appointed if the complexities

3   of the case are such that denial of counsel would amount to a denial of due process, and where the

4   petitioner is a person of such limited education as to be incapable of fairly presenting his claims.  *See*

5   *Chaney*, 801 F.2d at1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).  The petition

6   on file in this action is sufficiently clear in presenting the issues that petitioner wishes to bring.  Also,

7   the issues in this case are not particularly complex.  It does not appear that appointment of counsel is

8   warranted in this instance.  Petitioner's motion for the appointment of counsel is denied.

9          **IT IS THEREFORE ORDERED** that respondents shall file a response to the amended

10   petition (ECF No. 19), including potentially a motion to dismiss, within **sixty (60) days** of the date

11   of this order, with any requests for relief by petitioner by motion otherwise being subject to the

12   normal briefing schedule under the local rules.

13          **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from service of the

14   answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for

15   relief by respondents by motion otherwise being subject to the normal briefing schedule under the

16   local rules.

17          **IT IS FURTHER ORDERED** that any additional state court record exhibits filed herein by

18   either petitioner or respondents shall be filed with a separate index of exhibits identifying the

19   exhibits by number.  The CM/ECF attachments that are filed shall be identified by the number or

20   numbers of the exhibits in the attachment**.**  The hard copy of any additional state court record

21   exhibits shall be forwarded – for this case – to the staff attorneys in **Reno**.

22   \ \ \

23   \ \ \

24   \ \ \

25

26

1    **IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No.

2  20) is DENIED.

3    Dated this ___12th___ day of November, 2016.

4

5                                              _____
                                               UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26