

___ FILED    ___ RECEIVED
___ ENTERED  ___ SERVED ON
         COUNSEL/PARTIES OF RECORD

AUG 2 2 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DONN RICHARD MOORE,

    Petitioner,

vs.

I. BACA, *et al.*,

    Respondents.

3:15-cv-00101-RCJ-WGC

**ORDER**

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Donn Richard Moore, a Nevada prisoner. On February 6, 2015, respondents filed a motion to dismiss Moore's amended habeas petition (ECF No. 19), arguing that his habeas claims are untimely, unexhausted, and/or barred under *Tollet v Henderson*, 411 U.S. 258 (1973). ECF No. 24. Petitioner has not filed a response to the motion to dismiss. This order decides respondents' motion.

I. *Timeliness*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year filing period for § 2254 habeas petitions in federal court. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). *Id.* Statutory tolling of the

one-year time limitation occurs while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

Respondents concede that Moore filed his initial petition herein within the one-year filing period under § 2244(d)(1). Respondents argue, however, that Moore's amended petition was filed after the one-year period had elapsed and that there are habeas claims in his amended petition that are time-barred from federal court review because they do not "relate back" to the initial petition.

The Supreme Court's decision in *Mayle v. Felix*, 545 U.S. 644 (2005), significantly limits a habeas petitioner's ability to have newly-added claims "relate back" to the filing of an earlier petition and, therefore, be considered timely under 28 U.S.C. § 2244(d). In *Mayle*, the Court held that the Ninth Circuit's former relation-back standard under Federal Rule of Civil Procedure 15(c)(2) (now Rule 15(c)(1)(B)),[1] which allowed an amendment to a habeas petition to "relate back" to the date of the original petition "so long as the new claim stems from the habeas petitioner's trial, conviction, or sentence," was too broad. *Id.* at 656-57. The Court held that an amended claim in a habeas petition relates back for statute of limitations purposes only if it shares a "common core of operative facts" with claims contained in the original petition. *Id.* at 663-64. The common core of operative facts must not be viewed at too high a level of generality, and an "occurrence," for the purposes of Fed. R. Civ. P. 15(c), will consist of each separate set of facts that supports a ground for relief. *Id.* at 661.

According to the respondents, the claims in Ground 1(a-c) are untimely because they do not "relate back" to the initial petition. Respondents are correct that the amended petition was filed beyond the one-year filing period under § 2244(d)(1). Having compared the initial petition with the amended petition, this court concludes that respondents' "relation back" arguments are meritorious. Moreover, petitioner has offered no opposition to those arguments. Thus, the court shall dismiss Ground 1(a-c) as time-barred.

---

[1] Effective December 1, 2007, former Fed. R. Civ. P. 15(c)(2) was amended for stylistic purposes only and recodified as Fed. R. Civ. P. 15(c)(1)(B).

2

II. *Exhaustion*

Respondents argue Moore has failed to exhaust state court remedies for Grounds 2(a-c), 3, and 4(a-b) of his amended petition. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir.1981).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988).

Grounds 2(a-c), 3, and 4(a-b) of the amended petition are all ineffective assistance of counsel claims, which, in Nevada, are properly raised for the first time in post-conviction proceedings. *See Pellegrini v. State*, 34 P.3d 519, 534 (Nev. 2001). According to the record of petitioner's state court proceedings, he did not present any of these claims to the Nevada Supreme Court in pursuing post-

3

conviction relief.[2] See ECF No. 15-12. Consequently, respondents are correct that the claims are unexhausted.

"An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014). Moore's unexhausted claims fit in this category because Nevada has rules barring petitions that are untimely (Nev. Rev. Stat. § 34.726) or successive (Nev. Rev. Stat. § 34.810), both of which would apply to any petition filed by Moore at this point.

"A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 566 U.S. 1, 10 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). And, with respect to ineffective assistance of trial counsel claims, the Court in *Martinez* held that when a State requires a prisoner to raise such a claim in a collateral proceeding, a prisoner may establish cause for a default of the claim where the state courts did not appoint counsel in the initial-review collateral proceeding or where appointed counsel in the initial-review collateral proceeding was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 14.

*Martinez* does not assist petitioner here, though. Petitioner raised each of his unexhausted claims in the state district court. ECF No. 14-19. The reason the claims are unexhausted or procedurally defaulted now is that post-conviction appellate counsel failed to raise the claims on appeal from the denial of his petition. The Supreme Court in *Martinez* made clear that its rule "does not concern attorney errors in other kinds of proceedings, including *appeals* from initial-review

---

[2] The court is relying upon the record provided by the respondents, which is docketed at ECF Nos. 13-15. In the absence of any indication to contrary from the petitioner, the court must conclude that this record is complete.

4

collateral proceedings. . . ." 566 U.S. at 15 (emphasis added). Thus, ineffectiveness of post-conviction *appellate* counsel can not excuse petitioner's defaults.[3]

Thus, the court shall dismiss Grounds 2(a-c), 3, and 4(a-b) as procedurally defaulted.

### III. Tollett v. Henderson

Respondents argue that petitioner's guilty plea serves as a bar to Grounds 2(a) and 3. In Ground 2(a), petitioner alleges that appellate counsel provided ineffective assistance because counsel failed to challenge "a wrongful filed amended information which changed count five without court permission violating due process." ECF No. 19 at 7. In Ground 3, he further alleges that he received ineffective assistance of trial counsel with respect to the same alleged omission. ECF No. 19 at 10.

In *Tollett v. Henderson*, the United States Supreme Court held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." 411 U.S. 258, 267 (1973). A petitioner may only attack the voluntary and intelligent nature of the guilty plea. *Id.* "[C]laims of pre-plea ineffective assistance of counsel are cognizable on federal habeas review when the action, or inaction, of counsel prevents petitioner from making an informed choice whether to plead." *Mahrt v. Beard*, 849 F.3d 1164, 1170 (9th Cir. 2017) (citing *Tollett*, 411 U.S. at 267-69).

This court does not agree that Grounds 2(a) and 3 are barred under *Tollett*. The Court in *Tollett* held that the petitioner could not obtain habeas relief based on an alleged defect in his grand jury proceeding (*Tollett*, 411 U.S. at 260), but it nonetheless remanded to allow the lower court to determine in the first instance whether counsel's failure to investigate or object to the grand jury defect constituted ineffective assistance of counsel. *Id.* at 268–70. Here, counsel's alleged failure to

---

[3] In addition, Grounds 2(a-c) are claims of ineffective assistance of counsel on direct appeal. The Supreme Court recently confirmed that *Martinez* is confined to defaulted claims of ineffective assistance of trial counsel and declined to extend the holding to defaulted claims of ineffective assistance of appellate counsel. *See Davila v. David*, 137 S. Ct. 2058, 2070 (2017).

5

challenge an alleged defect in the manner which petitioner was charged is sufficiently similar to the facts in *Tollett* for this court to conclude that the ineffective assistance claims under Grounds 2(a) and 3 are not barred by petitioner's guilty plea.

IV. *Conclusion*

Because all of the claims in the amended petition are either procedurally defaulted or time-barred, the petition shall be dismissed.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 24) is GRANTED. The petitioner's amended habeas petition (ECF No. 19) is DISMISSED with prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED.

Dated this 22 day of August, 2017.

_____
UNITED STATES DISTRICT JUDGE